UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MYRON HUBERT, #210145,**

        **Plaintiff,**

                                    **Civil No: 06-CV-11858**
                                    **Honorable Denise Page Hood**
                                    **Magistrate Judge Virginia M. Morgan**

**v.**

**ADAMS, PULLEY, JOHN DOE
& JANE DOE, in their individual
and official capacities,**

        **Defendants.**
_____

OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT

**I.  Introduction**

Plaintiff, Myron Hubert, presently confined at Hiawatha Correctional Facility  in

Kincheloe, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C.

§1983.[1]  Plaintiff asserts that in January 2006, the Defendant sheriffs verbally and physically

abused him, denied him of food, medical treatment, "classification" and grievance forms.  As a

result of these alleged violations, Plaintiff maintains that he has suffered mental anguish,

physical pain and diminishing vision in one of his eyes.  Accordingly, Plaintiff  has now filed

this civil rights complaint requesting compensatory damages in the amount of $5,000,000.00 and

punitive damages in the amount of $5,000,000.00.   The Court finds that Plaintiff's Complaint is

summarily dismissed without prejudice for failure to exhaust administrative remedies.

---

[1]Although the Plaintiff is presently housed in a correctional facility in Chippewa County, which is in the Western District, the alleged incidents giving rise to Plaintiff's Complaint occurred at the Oakland County Jail, which is within the jurisdiction of this Court.

## II.  Discussion

### A.  Failure to Exhaust Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint.  42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law.  *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures.  *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001).  Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'"  *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure.  *See, MDOC Policy Directive 03.02.130 (Dec. 19, 2003).*  These procedures:

require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated. If the grievance is denied at this level, the prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See*, *MDOC Policy Directive 03.02.130*. Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

In this case, Plaintiff has not attached any documentation to support that he has exhausted his administrative remedies, nor has the Plaintiff described with any specificity the administrative proceedings he exhausted, nor the outcome. Rather, Plaintiff claims that he requested grievance forms from officials at the Oakland County Jail and that his requests were denied. These general conclusory statements of exhaustion are not sufficient to satisfy the mandates of § 1997e. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1988). Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, pursuant to MDOC Policy Directive 03.02.130, this matter is dismissed without prejudice.

## III.  Conclusion

Plaintiff  has failed to exhaust the required grievance process mandated by the Michigan Department of Corrections, and therefore cannot administratively proceed in this Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed April 20, 2006]** is summarily **DISMISSED WITHOUT PREJUDICE.**

3

IT IS FURTHER ORDERED that the Plaintiff's Application to Proceed without Payment

of Fees **[Docket No: 1-2, filed April 20, 2006]** is **DENIED** as moot.


s/ DENISE PAGE HOOD_____

DENISE PAGE HOOD

UNITED STATES DISTRICT JUDGE



DATED: May 31, 2006_____


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis_____

Case Manager